# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY DISMUKE**
    **Petitioner**

  v.                      **Case No. 15-C-1509**

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

A jury convicted petitioner Anthony Dismuke of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and at his March 12, 2008, sentencing hearing I found that he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on prior convictions of burglary, robbery, and fleeing. The ACCA designation triggered a mandatory minimum sentence of 15 years; otherwise, the offense carried a maximum of 10 years. 18 U.S.C. § 924(a)(2). I imposed a sentence of 180 months. The Seventh Circuit affirmed on direct appeal, finding that the fleeing conviction qualified as a violent felony under the ACCA's residual clause. See United States v. Dismuke, 593 F.3d 582 (7th Cir. 2010).

On June 20, 2012, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On June 26, 2012, I denied that motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

Earlier this year, the Supreme Court declared the ACCA's residual clause unconstitutional. Johnson v. United States, 135 S. Ct. 2251 (2015). Johnson applies retroactively to cases on collateral review, Price v. United States, 795 F.3d 731 (7th Cir. 2015), and on December 14, 2015, the court of appeals granted petitioner permission to file a

successive § 2255 motion raising a Johnson claim.

Pursuant to Johnson, petitioner's prior fleeing conviction no longer qualifies as a violent felony under the ACCA, and the government does not oppose his motion to vacate the 180 month sentence. The parties further agree that given the amount of time petitioner has served the court should forego a full re-sentencing hearing and simply impose a stipulated sentence of time served.[1] The parties request that the court set a hearing, as soon as practicable, to review and as appropriate modify the conditions of supervised release previously imposed. Until that hearing, petitioner will remain subject to the current conditions, including the requirement that he report to the probation office within 72 hours of release.

The court having reviewed the matter, and concluding that petitioner no longer qualifies for an enhanced sentence under the ACCA,

**IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **GRANTED**, and his sentence in Case No. 07-CR-81 is **VACATED**. The Clerk is directed to enter judgment in this case. The court will enter an amended judgment in the criminal case modifying the sentence as indicated herein and will schedule a hearing to address the conditions of release.

Dated at Milwaukee, Wisconsin this 18th day of December, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Petitioner indicates that his non-ACCA guideline range would be 77-96 months, he has served more than eight years in prison, and the government would not at a re-sentencing seek any more.